

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

ENTERED
02/26/2013

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 11-10249** |
| JUAN M. HERNANDEZ; aka | § | **CHAPTER 13** |
| HERNANDEZ; fdba JUAN'S CATERING | § | |
| | § | |
| Debtor(s). | § | **JUDGE ISGUR** |
| | § | |
| | § | |
| YOLANDA HERNANDEZ | § | |
| | § | |
| Plaintiff(s), | § | |
| | § | |
| vs. | § | **ADVERSARY NO. 12-01003** |
| | § | |
| JUAN M. HERNANDEZ, *et al* | § | |
| | § | |
| Defendant(s). | § | |

## MEMORANDUM OPINION

The Court ordered an evidentiary hearing to determine ownership of Las Ventanas Properties, Inc. ("Las Ventanas"). The purpose of the determination is to determine whether Mr. Hernandez or Ms. Hernandez is allowed to choose counsel for Las Ventanas Properties, Inc. After the hearing on January 28, 2013, and briefing from both parties,[1] the Court finds that Juan Hernandez controls and owns Las Ventanas.

### Jurisdiction

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). Pursuant to 28 U.S.C. § 157(a), this proceeding has been referred to the Bankruptcy Court by General Order 2012-6.

---

[1] Mr. Hernandez's Unopposed Motion for Leave to File Out-of-Time Brief (ECF No. 93), is granted.

1 / 5

The Bankruptcy Court's subject matter jurisdiction is limited to bankruptcy cases and proceedings that arise under the Bankruptcy Code, arise in a bankruptcy case, or are related to a bankruptcy case. 28 U.S.C. § 1334; 28 U.S.C. § 157(a). The Court therefore has authority over this adversary proceeding only if it arises under, arises in, or is related to [Debtor's] bankruptcy case.

The Supreme Court's decision in *Stern v. Marshall* recognized significant limitations on bankruptcy courts' authority. No. 10-179, 564 U.S. ---, 2011 WL 2472792 (June 23, 2011).

*Stern* concerned a bankruptcy court's authority over a debtor's common-law counterclaim to a proof of claim filed against the estate. The Supreme Court held that a bankruptcy court may not constitutionally enter a final judgment over a counterclaim that would not necessarily be resolved by the resolution of the proof of claim. *Id.* at *24. The broader applicability of the Court's decision remains unclear. Other types of disputes frequently decided by bankruptcy courts may also require adjudication by an Article III court.

*Stern* however did not alter a bankruptcy court's authority to enter interlocutory orders, or its power to entertain all pretrial proceedings. *Burch v. Avnet (In re Managed Storage Int'l)*, 2012 WL 5921723, at *2 (Bankr. Del. Nov. 26, 2012). Because this is an interlocutory order, the Court has the authority to determine the issue of control.

## Background

Plaintiff, Yolanda Hernandez is the ex-wife of Debtor, Juan Hernandez. (ECF No. 45 at 3). On April 5, 2007, Juan Hernandez filed a petition for divorce in the 197th District Court of Cameron County, Texas. (ECF No. 45 at 4). The divorce case was tried on June 9, 2008. (ECF No. 45 at 4). The Judge made her ruling on June 27, 2008, and the Final Decree of Divorce was signed on October 8, 2008. (ECF No. 45 at 4).

The Court heard testimony from Mr. Hernandez at the hearing on January 28, 2013, and found his testimony to be credible. Mr. Hernandez testified that he is in the business of catering. He caters private events and also runs a restaurant. He first operated the sole proprietorship Juan's Catering. He then changed the name to La Cantera. The Divorce Decree awarded Mr. Hernandez, as his sole and separate property, the business known as La Cantera Special Events Center and/or La Cantera ("La Cantera"), and the business known as Juan's Catering.[2] The Divorce Decree contains a residuary clause which provides that any undisclosed asset of the parties is awarded to the party not in possession or control of the asset. (ECF No. 85-1 at 10).

On July 11, 2008, articles of incorporation were filed with the Secretary of State, State of Texas, for a domestic for-profit corporation named Las Ventanas Properties, Inc. ("Las Ventanas"). (ECF No. 45 at 5). A Certificate of Assumed Name was recorded in the Official Records of Cameron County, Texas on July 15, 2008 stating that Las Ventanas does business under the name La Cantera. (ECF No. 45 at 5). Mr. Hernandez formed Las Ventanas based on advice that it was better to operate as a corporation. Mr. Hernandez acknowledges that he did not disclose the existence of the corporate entity prior to the October 8, 2008 Divorce Decree, but claims that he did not form the entity for the purpose of hiding assets from or deceiving Ms. Hernandez.

Although incorporated in 2008, it was not until 2009 that Mr. Hernandez began operating his business as Las Ventanas. At no point in time did he simultaneously operate under two names. Mr. Hernandez used the equipment from La Cantera to begin Las Ventanas. The only assets used to start Las Ventanas came from La Cantera and Juan's Catering. All of the assets of Juan's Catering and La Cantera are now in Las Ventanas.

---

[2] The Divorce Decree provided that Mr. Hernandez owned (including but not limited to) all furniture, fixtures, machinery, equipment, inventory, cash, receivables, accounts, goods, and supplies; and all personal property used in connection with the operation of the business.

**Analysis**

Ms. Hernandez asserts that because the existence of Las Ventanas was not disclosed, she is the owner of Las Ventanas under the residuary clause in the Divorce Decree.

The Supreme Court of Texas' holding in *Grohman v. Kahlig et al.* is instructive.   In *Grohman*, Grohman sued her ex-husband, Kahlig for breach of a Security Agreement entered pursuant to their divorce settlement.   *Grohman v. Kahlig et al.*, 318 S.W.3d 882, 884 (Tex. 2010).   Pursuant to the divorce settlement, Kahlig executed a promissory note and pledged a majority of his stock in two corporations as collateral.   *Id*.   The Security Agreement provided that the collateral could not be transferred, disposed of or destroyed.   *Id*. at 885.

Subsequently, Kahlig converted the corporations into limited partnerships.   *Id*.   When Grohman discovered the conversions she brought suit arguing that the conversions constituted a breach of contract.   *Id*. at 886.

The court held that the Security Agreement was not breached because the collateral was never transferred, disposed of or destroyed but merely changed form.   *Id*. at 888.   The court further found that the Security Agreement read as a whole, did not prohibit the conversion of the business entities or prohibit changing the legal form for operating the entities.   *Id*. at 888-889.

The holding in *Grohman* supports the Court's conclusion that Mr. Hernandez owns Las Ventanas.   The only assets that were used to form Las Ventanas were those of Juan's Catering and La Cantera, which the Divorce Decree determined were Mr. Hernandez's sole and separate property.   The formation of Las Ventanas is more properly characterized as a conversion of La Cantera from a sole proprietorship to a corporation.   At no time did Mr. Hernandez simultaneously operate two entities.   The only assets used to start Las Ventanas came from La Cantera and Juan's Catering.

The Court finds that this is distinct from a scenario where Mr. Hernandez formed Las Ventanas using new capital.  Ms. Hernandez was aware of all of the assets present in Las Ventanas; she just knew them to be in a different legal form, La Cantera.  Mr. Hernandez is the owner of Las Ventanas, and has the authority to choose counsel to represent the entity.

### Conclusion

The Court will enter an order consistent with this Memorandum Opinion.

SIGNED **February 25, 2013.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE