

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

ENTERED
06/16/2014

| | | |
|---|---|---|
| **IN RE:** | § | |
| **JUAN M. HERNANDEZ; aka** | § | **CASE NO: 11-10249** |
| **HERNANDEZ; fdba JUAN'S CATERING** | § | |
| **Debtor(s)** | § | |
| | § | **CHAPTER  13** |
| | § | |
| **YOLANDA HERNANDEZ** | § | |
| **Plaintiff(s)** | § | |
| | § | |
| **VS.** | § | **ADVERSARY NO. 12-01003** |
| | § | |
| **JUAN M. HERNANDEZ,** *et al* | § | |
| **Defendant(s)** | § | |

## <u>MEMORANDUM OPINION</u>

This memorandum opinion addresses:

1.   Falcon International Bank's Motion for Partial Summary Judgment (ECF No. 113);

2.   Falcon's Motion for Summary Judgment (ECF No. 144);

3.   Falcon's Amended Motion for Partial Summary Judgment on Claims Related to Certificates of Deposit (ECF No. 148);

4.   Yolanda Hernandez's Motion for Summary Judgment on Amended Counter-Claims Filed Against Her by Juan M. Hernandez and Las Ventanas Properties, Inc. (ECF No. 146)

5.   Falcon's Motion for Leave to Amend its First Amended Original Answer and Counter-Claim (ECF No. 185).

For the reasons set forth below:

1.   Falcon's Motion for Partial Summary Judgment (ECF No. 113) is denied.

2.   Falcon's Motion for Summary Judgment (ECF No. 144) is denied.

3.   Falcon's Amended Motion for Partial Summary Judgment on Claims Related to Certificates of Deposit (ECF No. 148) is moot.  Preferential transfer claims against Falcon are dismissed.

4.    Ms. Hernandez's Motion for Summary Judgment on Amended Counter-Claims Filed Against Her by Juan M. Hernandez and by Las Ventanas Properties, Inc. (ECF No. 146) is granted.

5.    Falcon's Motion for Leave to Amend its First Amended Original Answer and Counter-Claim (ECF No. 185) is granted.

## Background

On February 27, 2002, Juan and Yolanda Hernandez, then husband and wife, purchased two tracts of land—a 3.90 acre tract and a 0.574 acre tract in the Los Ebanos Properties Subdivision in Brownsville, Cameron County, Texas.  ECF No. 45 at 3.  On August 24, 2004, Juan and Yolanda Hernandez executed a deed of trust to secure a $525,000.00 note to First National Bank.  ECF No. 45 at 3.  On March 9, 2006, Juan and Yolanda Hernandez executed a deed of trust to secure a $150,000.00 note to First National Bank.  ECF No. 45 at 3-4.

On April 5, 2007, Mr. Hernandez filed a petition for divorce in the 197th Judicial District Court of Cameron County, Texas.  ECF No. 45 at 4.  On October 8, 2008, the State Court entered a Final Decree of Divorce.  ECF No. 45 at 4.  The 3.90 acre tract of land was awarded to Mr. Hernandez as his separate property.  ECF No. 45-1 at 4.  The Divorce Decree additionally ordered that Mr. Hernandez would be required to sign a vendor's lien note payable to Ms. Hernandez for $446,535.50 secured by the 3.90 acre tract of land.  ECF No. 45-1 at 8-9.

The Divorce Decree further ordered that any undisclosed asset of either party was awarded to the party not in possession or control of the asset.  ECF No. 45-1 at 10.  On July 11, 2008, articles of incorporation were filed with the Secretary of State of Texas for a domestic for profit corporation, Las Ventanas Properties, Inc.  ECF No. 45 at 5.  Mr. Hernandez is listed as the sole director.  ECF No. 45 at 5.  Mr. Hernandez did not explicitly disclose his ownership of Las Ventanas in the divorce proceedings.  This Court previously found that Mr. Hernandez was

the owner of Las Ventanas, and that it did not constitute undisclosed property under the divorce decree.  *See* ECF No. 96.

At some point in 2008, after the formation of Las Ventanas and before the Divorce Decree was entered, Mr. Hernandez began discussion with Olga Gonzalez, a loan officer at Falcon, about obtaining a business loan.  ECF No. 156-12 at 5.  On September 30, 2008, Southern Texas Title Company issued its Commitment for Title Insurance.  ECF No. 45-10.  The Title Commitment required that Ms. Hernandez sign all loan documents.  ECF No. 45-10 at 8. Prior to the closing of the loan, the requirement that Ms. Hernandez sign the documents was removed from the Title Commitment.  The loan transaction between Falcon and Mr. Hernandez closed on October 14, 2008.  Mr. Hernandez executed a deed of trust granting Falcon a lien in the 3.90 and 0.574 tracts.

Falcon's deed of trust was recorded on October 17, 2008.  ECF No. 45 at 9.  The Divorce Decree was recorded on October 30, 2008.  ECF No. 113 at 4.  Ms. Hernandez's Notice of Lis Pendens was recorded on November 12, 2008.  ECF No. 45-5.  Ms. Hernandez's deed of trust, dated October 8, 2008, was recorded on May 4, 2009.

**Procedural Background**

Ms. Hernandez filed her First Amended Original Adversary Complaint on June 13, 2012. ECF No. 45.  Mr. Hernandez filed his First Amended Answer, Affirmative Defenses & Counter Claims on June 26, 2012.  ECF No. 47.  Falcon filed its First Amended Original Answer to Plaintiff's First Amended Original Adversary Complaint on July 30, 2012.  ECF No. 53.  Las Ventanas filed its First Amended Answer, Affirmative Defenses & Counter Claim on July 30, 2012.  ECF No. 54.  Ms. Hernandez filed her answers to the counter-claims of Las Ventanas and Falcon on August 20, 2012.  ECF Nos. 63 & 64.  Ms. Hernandez filed her Motion to Dismiss

Adversary Proceeding on October 8, 2013.  ECF No. 119.  The Court denied this motion on March 4, 2014.  ECF No. 174.  Ms. Hernandez filed her Motion for Reconsideration on March 17, 2014.  ECF No. 183.  Falcon filed its response on April 7, 2014.  ECF No. 188.  The Court issued its Amended Order Denying Motion to Dismiss on April 18, 2014.  ECF No. 190.

Falcon filed its Motion for Partial Summary Judgment on September 16, 2013.  ECF No. 113.  Ms. Hernandez filed her response on December 18, 2013.  ECF No. 149.  Falcon filed its reply on December 24, 2013.  ECF No. 151.  Falcon filed its Motion for Summary Judgment on December 13, 2013.  ECF No. 144.  Ms. Hernandez filed her Objection to Consideration of Evidence and her response to the motion for summary judgment on January 3, 2014.  ECF Nos. 154 & 156.  Falcon filed its Amended Motion for Partial Summary Judgment on Claims Related to Certificates of Deposit on December 13, 2013.  ECF No. 148.  Ms. Hernandez filed her response on January 3, 2014.  ECF No. 155.

Ms. Hernandez filed her Motion for Summary Judgment on Amended Counter-Claims Filed Against Her by Juan M. Hernandez and Las Ventanas Properties, Inc. on December 13, 2013.  ECF No. 146.  Mr. Hernandez filed his Memorandum of Law in Opposition to the motion on January 3, 2014.  ECF No. 153.

Falcon filed its Motion for Leave to Amend its First Amended Original Answer and Counter-Claim on March 18, 2014.  ECF No. 185.  Ms. Hernandez filed her Objection and Response on April 7, 2014.  ECF No. 187.  Falcon filed its reply on April 14, 2014.  ECF No. 189.

## Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Fed. R. Bankr. P. 7056 incorporates Rule 56 in adversary proceedings.

A party seeking summary judgment must demonstrate:  (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine dispute of material fact. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006).  A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

A court views the facts and evidence in the light most favorable to the non-moving party at all times.  *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009).  Nevertheless, the Court is not obligated to search the record for the non-moving party's evidence.  *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support the fact.[1]  Fed. R. Civ. P. 56(c)(1).  The Court need consider only the cited materials, but it may consider other materials in the record.  Fed. R. Civ. P. 56(c)(3).  The Court should not weigh the evidence.  A credibility determination may not be part of the summary judgment analysis. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).  However, a party may object

---

[1] If a party fails to support an assertion or to address another party's assertion as required by Rule 56(c), the Court may (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if, taking the undisputed facts into account, the movant is entitled to it; or (4) issue any other appropriate order.  Fed. R. Civ. P. 56(e).

that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.  Fed. R. Civ. P. 56(c)(2).

"The moving party bears the burden of establishing that there are no genuine issues of material fact."  *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008).  The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial.  *Malacara*, 353 F.3d at 403.  Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine dispute of material fact.  *Sossamon*, 560 F.3d at 326.  The non-moving party must cite to specific evidence demonstrating a genuine dispute.  Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986).  The non-moving party must also "articulate the manner in which that evidence supports that party's claim."  *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004).  Even if the movant meets the initial burden, the motion should be granted only if the non-movant cannot show a genuine dispute of material fact.

If the non-movant bears the burden of proof of an issue, the movant must show the absence of sufficient evidence to support an essential element of the non-movant's claim.  *Norwegian Bulk Transp. A/S*, 520 F.3d at 412.  Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case.  *Celotex*, 477 U.S. at 324.  The motion should be granted only if the non-movant cannot produce evidence to support an essential element of its claim.  *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

**Falcon's Motion for Partial Summary Judgment (ECF No. 113)**

Falcon's motion argues that, under the doctrine of equitable subrogation, it is entitled to declaratory judgment that its liens have first priority lien status and that Ms. Hernandez's owelty lien is subordinate to Falcon's liens.

In Texas, a person who pays the debt of another to protect his or her own interest in property is entitled to subrogate to the rights of the creditor whose claim was paid. *Dietrich Indus., Inc. v. United States*, 988 F. 2d 568, 571-72 (5th Cir. 1993). The doctrine of equitable subrogation prevents unjust enrichment when one person confers upon another a benefit that is not required by legal duty or contract. *Bundren v. Holly Oaks Townhomes Ass'n, Inc.* 347 S.W. 3d 421, 438 (Tex. App—Dallas 2011). The "party seeking equitable subrogation must show it involuntarily paid a debt primarily owed by another in a situation that favors equitable relief." *Id.*

    **a.    Summary judgment**

Ms. Hernandez filed an Objection to Exhibits, Objection to Non Verified Factual Averments, and Motion to Strike Response on November 5, 2013. ECF No. 126. In this Objection Ms. Hernandez argues that Falcon's motion for summary judgment is based on grounds not supported by its live pleading because Falcon did not affirmatively plead a claim for equitable subrogation in its First Amended Original Answer to Plaintiff's Amended Original Adversary Complaint. ECF No. 126 at 6. In her Response to Falcon's Motion for Partial Summary Judgment, Ms. Hernandez again asserts that Falcon cannot prevail on its motion because it failed to plead equitable subrogation in its Counter-Claims. ECF No. 149 at 24.

In its Response to Plaintiff's Objections and Motion to Strike and/or in the Alternative, Motion for Leave to Amend Its Pleading, Falcon alleges that Ms. Hernandez has been fully

aware of its claim for equitable subrogation, as this was the primary contention at mediation in May, 2013.  ECF No. 131 at 3.  Alternatively, Falcon requests leave of court to amend its pleading to affirmatively plead its equitable subrogation claim.  ECF No. 131 at 3.

The record before the Court provides no summary judgment evidence that Ms. Hernandez has been fully aware of Falcon's equitable subrogation claim since at least May, 2013.  None of Falcon's summary judgment evidence proves that Ms. Hernandez was aware of its equitable subrogation claim, and the pleadings are devoid of a claim for equitable subrogation.  Accordingly, Falcon's Motion for Partial Summary Judgment (ECF No. 113) is denied.

**b.    Leave to amend**

Falcon's Motion for Leave to Amend is granted.[2]  Leave to amend should be freely granted unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile.  *Garcia v. Unit Drilling Co.* 396 Fed. Appx. 133, 136 (5th Cir. 2010).  Falcon filed its Motion for Leave to Amend on November 26, 2013.  ECF No. 131.  Falcon filed its Motion for Partial Summary Judgment on September 16, 2013. ECF No. 113.  Granting leave is not prejudicial to Ms. Hernandez as she has been aware, at least since September, 2013, of Falcon's desire to assert its equitable subrogation claim.  There is no evidence of bad faith or dilatory motive on Falcon's part—it promptly sought leave to amend after Ms. Hernandez filed her Motion to Strike (ECF No. 126); and according to Falcon's assertions in its reply brief (ECF No. 131), it believed that Ms. Hernandez knew of its equitable subrogation claim since at least May, 2013.  Lastly, granting leave to amend is not futile as

---

[2] Falcon first sought leave to amend to include a claim for equitable subrogation in its Response to Yolanda Hernandez's Obejctions and Motion to Strike and/or in the Alternative, Motion for Leave to Amend Its Pleading filed on November 26, 2013. ECF No. 131. Falcon then filed Motion for Leave to Amend Its First Amended Original Answer and Counter-Claim on March 18, 2014, seeking to plead a claim for equitable subrogation and the affirmative defense of good faith purchaser for value. ECF No. 185.

Falcon has a colorable claim for equitable subrogation up to the amount it paid to First National Bank.

### Falcon's Motion for Summary Judgment (ECF No. 144)

Falcon's Motion for Summary Judgment (ECF No. 144), seeks declaratory relief that its lien is senior to Ms. Hernandez's lien because it is a subsequent good faith purchaser for value without notice of the unrecorded conveyance to Ms. Hernandez.

A transferee who takes property with knowledge of such facts as would excite the suspicions of a person of ordinary prudence and put him on inquiry of the fraudulent nature of an alleged transfer does not take the property in good faith and is not a bona fide purchaser. *Hahn v. Love*, 321 S.W. 3d 517, 527 (Tex. App.—Houston 2009). Actual notice results from personal information or knowledge. *Id*. Constructive notice is notice the law imputes to a person not having personal information or knowledge. *Id*. The question of whether a party has notice is a question of fact and only becomes a question of law when there is no room for ordinary minds to differ as to the proper conclusion to be drawn from the evidence. *Id*.

### a.      Leave to amend

At the hearing on April 17, 2014, Ms. Hernandez argued that "good faith purchaser without notice" is an affirmative defense that must be specifically pled. Falcon conceded that it did not affirmatively plead that it did not have notice of Ms. Hernandez's interest in the Los Ebanos Property. Moreover, Falcon provided no evidence that it was a good faith purchaser.

Generally, under Rule 8(c) affirmative defenses must be raised in the first responsive pleading. *Pasco ex rel. Pasco v. Knoblauch*, 566 F.3d 572, 577 (5th Cir. 2009). Even if an affirmative defense is not raised in the first responsive pleading, it is not waived so long as it is raised at a reasonable time and plaintiff has a fair ability to respond. *Id*. Under Texas law, status

as a bona fide purchaser is an affirmative defense to a title dispute. *Madison v. Gordon*, 39 S.W.3d 604, 606 (Tex. 2001).

Falcon failed to plead the affirmative defense of good faith purchaser in its First Amended Original Answer to Plaintiff's First Amended Original Adversary Complaint (ECF No. 53). Falcon will be granted leave to amend to plead the affirmative defense of good faith purchaser for value.

In her response to Falcon's motion for leave to amend, Ms. Hernandez argues that Falcon should not be granted leave to amend because it did not seek leave to amend until eighteen months after filing its answer. ECF No. 187 at 7. Ms. Hernandez also argues that she would be prejudiced by the need to conduct additional discovery on the issue of whether Falcon was a good faith purchaser for value. ECF No. 187 at 4.

Although eighteen months is a significant delay, the crux of this litigation has always been whether Falcon was a good faith purchaser. Ms. Hernandez's first amended complaint alleges that prior to October 14, 2008 Falcon had been made aware that the divorce court granted Yolanda a lien against part of the Los Ebanos Property. ECF No. 45 at 8. Her claims against Falcon hinge on whether Falcon had knowledge of Ms. Hernandez's interest in the Los Ebanos Property.

Ms. Hernandez took the depositions of several Falcon and Southern Texas Title employees. Ms. Hernandez asked many questions related to Falcon's knowledge of the substance of the Divorce Decree. For example, at the deposition of Olga Gonzalez, the loan officer on the Las Ventanas loan, counsel for Ms. Hernandez asked if Ms. Gonzalez was provided with a copy of the Divorce Decree; and whether Mr. Hernandez told her he was divorced at the time he came to apply for a loan. ECF No. 156-12 at 5 & 10. At the deposition

of Richard Haynes, the attorney that prepared the Las Ventanas loan documents, Ms. Hernandez's counsel asked whether Mr. Haynes had received information regarding the status of Ms. Hernandez's interest in the business; and whether there was a communication from the title company informing Mr. Haynes that Ms. Hernandez's signature was no longer required on any loan documents.  ECF No. 156-13 at 8 & 10.  At the deposition of Guy Huddleston, the former president of Southern Texas Title, Ms. Hernandez's counsel asked whether anyone on behalf of Southern Texas Title waived the requirement that Ms. Hernandez sign all loan documents; and whether on September 17, 2008, Southern Texas Title knew that there was a pending divorce. ECF No. 156-7 at 11 and 15.  All of these questions demonstrate that the parties have conducted significant discovery on whether Falcon was a good faith purchaser.

Ms. Hernandez will not be prejudiced by allowing Falcon to amend its pleading.  Out of an abundance of caution the Court will permit a limited amount of additional discovery on the issues of good faith purchaser for value and equitable subrogation.

      **b.**    **Summary judgment**

Assuming that Falcon had sufficiently pled that it was a good faith purchaser, Falcon's motion for summary judgment is denied for lack of evidence.  Under Rule 7056(c)(1), a party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to a particular part of the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations including those made for purposes of the motion only, admissions, interrogatory answers, or other materials.

Falcon did not file an affidavit or declaration or provide any other proof to show that it was a good faith purchaser.  The record is devoid of any evidence to support a finding that Falcon was a good faith purchaser.  Summary judgment is denied.

### c.       Abstention

Ms. Hernandez's Objection and Response to Falcon's Motion for Leave to Amend also asserts that the Court lacks authority because Mr. Hernandez's bankruptcy case is closed.  The Court addressed the issue of its authority in its Order Denying Motion to Dismiss.  ECF No 174.  The Court subsequently issued its Amended Order Denying Motion to Dismiss after Ms. Hernandez filed her motion for reconsideration.  ECF No. 190.  The Court will not revisit the issue of its authority.

Ms. Hernandez's Objection and Response to Falcon's Motion for Leave to Amend also seeks Brillhart Abstention because of the declaratory judgment requests sought by Falcon.  When a district court considers abstention in a declaratory judgment action, it must apply the standard derived from *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942).  *New England Ins. Co. v. Barnett*, 561 F.3d 392, 394 (5th Cir. 2009).  When an action involves coercive relief, the district court should apply the standard set forth in *Colorado River Water Conservation District v. United States Id*.  When an action seeks both declaratory and coercive relief, the Fifth Circuit applies the *Colorado River* standard.  *Id*. at 395.  The only exceptions to this rule are if the claims for coercive relief are frivolous or were added as a means of defeating *Brillhart*.  *Id*. at 396.  Because this litigation deals with both declaratory relief and coercive claims, the Court must apply the *Colorado River* test.

*Colorado River* identified four factors a district court should consider when determining whether exceptional circumstances outweigh its general duty to exercise jurisdiction—(1) whether another court has assumed jurisdiction over the property; (2) whether the federal forum is inconvenient; (3) whether it is desirable to avoid piecemeal litigation; and (4) the order in

which jurisdiction was obtained by concurrent forums. *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 589 (5th Cir. 1994).

Whether another court has assumed jurisdiction over the property at issue does not weigh in favor of abstention.  The state court has jurisdiction over the property at issue only because this Court granted Ms. Hernandez's motion to remand.  *See* ECF No. 50.  Mr. Hernandez and Las Ventanas are not parties to the State Court Suit, therefore the state court does not have jurisdiction over the interests in the Los Ebanos Property as between Mr. and Ms. Hernandez. There is also additional property, such as the certificates of deposit, which are at issue in this litigation and not at issue in the State Court Suit.

There is no evidence that this forum is inconvenient.

Abstention would not help to avoid piecemeal litigation.  As discussed in the Court's Order Denying Dismissal, Ms. Hernandez previously argued that the claims presented in the present adversary are core matters.  ECF No. 174.  Her motion to remand specifically argued that it would not be efficient to try the matters together.  ECF No. 174.

There is no concurrent jurisdiction over the claims in this proceeding.  The claims remanded to state court are separate claims.  Mr. Hernandez and Las Ventanas are not parties to the State Court Suit, and the state court does not have jurisdiction over the claims against them.

On balance of the *Colorado River* factors, the Court will not grant abstention.

### Yolanda Hernandez's Motion for Summary Judgment (ECF No. 146)

Mr. Hernandez filed his First Amended Answer, Affirmative Defenses and Counter Claims on June 26, 2013.  ECF No. 47.  Las Ventanas filed its First Amended Answer, Affirmative Defenses & Counter Claim on July 30, 2012.  ECF No. 54.  In their answers, Mr. Hernandez and Las Ventanas both filed claims against Ms. Hernandez for tortious interference

with existing contractual relations and tortious interference with prospective contractual relations.

      **a.**      **Tortious interference with contract**

Mr. Hernandez and Las Ventanas allege that Ms. Hernandez interfered with Las Ventanas's existing contract with Falcon when she filed her deed of trust in the real property records of Cameron County and made efforts to foreclose on the deed of trust.

To establish a claim for tortious interference a plaintiff must show: (1) a contract exists; (2) defendant willfully and intentionally interfered with the contract; (3) the plaintiff suffered actual damage or loss; and (4) the interference proximately caused the damage. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 207 (Tex. 2002). Not every interference with a contract is tortious. *Caller-Times Pub. Co., Inc. v. Triad Communications, Inc.*, 855 S.W.2d 18, 21 (Tex. App.—Corpus Christi 1993, no writ). A party may interfere with another's contractual or business relations if he does so in a bona fide exercise of his own rights or he has a good-faith claim to a colorable legal right. *Id.*

Summary judgment is granted. Mr. Hernandez argues that Ms. Hernandez's filing of the deed of trust and her attempt to foreclose on the deed of trust interfered with his contract with Falcon. Pursuant to the Divorce Decree, Ms. Hernandez was granted a lien on the Los Ebanos Property. Ms. Hernandez filed her deed of trust in the real property records to protect her rights in the property. Ms. Hernandez had a legal right to file and enforce her deed of trust. Accordingly, Mr. Hernandez and Las Ventanas cannot prove tortious interference with a contract.

**b.        Tortious interference with potential contract**

Mr. Hernandez and Las Ventanas allege that Ms. Hernandez interfered with a potential contractual relationship by filing her state court lawsuit, *Yolanda Hernandez v. Southern Texas Title, LLC d/b/a Southern Texas Title Co. and Falcon International Bank*.  Mr. Hernandez and Las Ventanas allege that consummation of the loan with Falcon was imminent, and that after the filing of the suit, Falcon refused to consummate the loan with Mr. Hernandez.  Mr. Hernandez and Las Ventanas assert that as of the dates of filing their cross-claims, Falcon refused to consummate a loan with Mr. Hernandez.

To establish a claim for tortious interference with a potential contractual relationship a plaintiff must show: (1) a reasonable probability that the parties would have entered into a business relationship; (2) the defendant committed an independently tortious or unlawful act preventing the relationship from occurring; (3) the defendant acted either with a conscious desire to prevent the relationship from occurring or with knowledge that the interference was certain or substantially certain to occur as a result of the conduct; and (4) the plaintiff suffered actual harm or damages as a result of the defendant's interference.  *Plotkin v. Joekel*, 304 S.W.3d 455, 487 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).

Summary judgment is granted.  There is no evidence that Ms. Hernandez committed an independently tortious or unlawful act by filing the State Court Suit.  There is no evidence that Ms. Hernandez's claims were frivolous.  Filing a meritorious suit to protect one's rights in property is not an independently tortious or unlawful act.  Additionally, there is no evidence that Ms. Hernandez acted either with a conscious desire to prevent the relationship between Falcon and Mr. Hernandez, or that she acted with substantial certainty that such a result would occur. There is no evidence that Ms. Hernandez even knew of a potential contractual relationship

between the parties.   Ms. Hernandez has met her burden of showing that there is absence of sufficient evidence to prove that she committed an independently tortious or unlawful act, or that she acted with a conscious desire to prevent the relationship between Mr. Hernandez and Las Ventanas from occurring.

**Falcon's Motion for Summary Judgment Related to Certificates of Deposit (ECF No. 148)**

At the hearing on March 17, 2014, counsel for Ms. Hernandez conceded that the preference claim regarding the Certificates of Deposit is now moot because the Hernandez bankruptcy case has been dismissed.   Falcon's motion for summary judgment is moot and the claim is dismissed.

<strong>Conclusion</strong>

The Court will enter an order consistent with this Memorandum Opinion.

SIGNED **<u>June 12, 2014.</u>**

_____<br>
Marvin Isgur<br>
UNITED STATES BANKRUPTCY JUDGE